UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hiawatha Tibbs, #37362-004, | ) C/A No. 6:05-3559-GRA-WMC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden M. Pettiford, | ) |
| Respondent. | ) |

The petitioner, Hiawatha Tibbs ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution at Bennetsville, South Carolina. The petition for habeas relief attacks a state conviction used to enhance the federal sentence Petitioner is currently serving. Petitioner's habeas petition should be dismissed.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. The petition reveals Petitioner was convicted of federal charges after a jury trial, and on April 8, 1992, he was sentenced to three hundred months by the United States District Court, Northern District of Florida ("Northern Florida District Court"). On July 13, 1993, Petitioner's appeal of his conviction and sentence was denied by the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit). The docket of Petitioner's criminal case in the Northern District of Florida reveals that Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255

on December 14, 1993, and his motion to vacate and correct sentence was granted on February 9, 1998.[2] As a result, Petitioner was re-sentenced on June 9, 1998, to three hundred and twenty-seven months on two counts, and forty-eight months, to run concurrently, on a third count, with supervised release on all counts. On April 15, 1999, the Eleventh Circuit affirmed the re-sentencing order on appeal. On August 11, 2000, Petitioner filed a second § 2255 motion, which was denied October 31, 2000. On November 13, 2000, Petitioner filed a third § 2255 motion, which was dismissed on December 20, 2000. An appeal of the dismissal of the third § 2255 action to the Eleventh Circuit resulted in denial of a certificate of appealability on October 11, 2001. On January 8, 2001, Petitioner filed a fourth § 2255 motion, which was dismissed on February 7, 2001, and an appeal to the Eleventh Circuit was dismissed on July 5, 2001. The Eleventh Circuit denied Petitioner's application to file a successive § 2255 on February 12, 2002. Despite this denial, Petitioner filed a fifth § 2255 motion on April 10, 2002, which was denied as successive on June 11, 2002. An appeal of the denial of the fifth § 2255 action to the Eleventh Circuit resulted in denial of a certificate of appealability on September 16, 2002.

Petitioner also filed a § 2255 motion in the United States District Court, Middle District of Florida on February 1, 2002, which was denied as successive on the same day. The United States District Court, Southern District of Florida, transferred a habeas action filed pursuant to § 2254 on October 20, 2000, to the Northern Florida District Court on

---

[2] The Northern District of Florida created separate civil actions for each of Petitioner's § 2255 actions, but the docket reflects no documents were filed in the civil cases. Instead the § 2255 documents are filed in Petitioner's criminal case, and are not available through PACER (the federal judiciary's electronic access system). Thus, the docket of the criminal case reveals the history of filings, but the specific grounds raised in each document is not available. Review of the documents, however, is not necessary for disposition of this case.

December 20, 2000; however, the Northern Florida District Court records do not reflect the corresponding receipt of a habeas action filed under § 2254.[3]  Petitioner has filed other motions in his criminal case, such as modification and correction of sentence under 18 U.S.C. § 3582; a "motion to relate back"; and a motion for relief from judgment or order pursuant to F. R. Civ. P. 60(b)(6).  All of the other motions have been denied or dismissed, with the most recent denial on December 1, 2005.  Petitioner filed the above-captioned § 2241 habeas action on December 15, 2005, in this District Court.[4]

### Discussion

The grounds raised in the § 2241 petition attack a state court conviction that was used to enhance the federal sentence that Petitioner is currently serving.  The petition claims the state court conviction violates several of Petitioner's constitutional rights.  Petitioner is asking this Court to overturn a Florida state court conviction, rendered in 1986, that was used to enhance his current federal sentence.  The writ of habeas corpus pursuant to § 2241 is not available for such relief in this case.

The United States Supreme Court, in addressing the issue of a defendant challenging prior state convictions used to enhance a federal sentence, reasons:

---

[3] It is possible that the transferred habeas action was construed as filed under § 2255, rather than as a § 2254 action, with the result of the transfer being filed in Petitioner's criminal case. The actual documents of the Court would reflect the procedural history, but are not necessary for the disposition of the case *sub judice*.

[4] This date is the date on the petition, which is the earliest date Petitioner could have delivered the petition to the mailroom at his place of incarceration. *See* Houston v. Lack, 487 U.S. 266 (1988).

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [citations and footnote omitted]. These vehicles for review, however, are not available indefinitely and without limitation. ... If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse.

Daniels v. United States, 532 U.S. 374, 381, 382 (2001). Thus, Petitioner's collateral attack of a state conviction used to enhance his federal sentence is not available through 28 U.S.C. § 2241. Once the state conviction becomes final, "either because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation," Petitioner is "not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." Id. at 383. Although Daniels is decided in the context of a collateral attack of a state conviction pursuant to 28 U.S.C. § 2255, the reasoning is applicable to a collateral attack of a state conviction through 28 U.S.C. § 2241. Specifically, the Daniels court reasons that a collateral attack of prior state convictions through § 2255, "would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statues of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly. Nothing in the Constitution or our precedent requires such a result." Id. The Petitioner's collateral attack of his Florida state conviction used to enhance his federal sentence should be dismissed.

5

> The petition includes a "request for [T]ransfer of the writ," and states, verbatim:
>
> the writ should be transferred to The Southern District of Florida, Miami Division. For swift and just relief; as that court is a more convient forum to address the matter herein. The records, filings, and possible respondants resides in the venue of the court in the Southern District of Florida.

Petitioner is correct that the district court in which his state court conviction, and the district where the Attorney General of Florida is subject to service of process in a habeas corpus action, is the appropriate forum for a federal collateral attack on a state conviction. Petitioner, however, is incorrect that this court should transfer his habeas action brought pursuant to § 2241 from this Court to a Florida District Court. As discussed herein, the challenge to his state conviction is not appropriate for a § 2241 action. Instead, Petitioner should file for habeas relief pursuant to § 2254 in the appropriate court to collaterally attack his Florida state conviction.

In as much as the § 2241 petition is challenging Petitioner's federal sentence based on the state court conviction used to enhance the federal sentence, the petition should be dismissed because the petitioner's claims are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; *see also* Swain v. Pressley, 430 U.S. 372, 381 (1977). As discussed above, Petitioner previously filed several § 2255 motions with the sentencing court. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." In re Jones, 226 F.3d 328, 333 (4th

6

Cir. 2000) (citations omitted);*see also* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*).  Nonetheless, the Fourth Circuit has concluded, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless."  Id.  In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen:  (1) at the time of conviction, settled law of this circuit or the Supreme  Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.  As Petitioner's claim fails to meet this criteria, he is precluded from relief under § 2241, and his Petition should be dismissed.  *See also* Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6 (1986) (a "petition raising grounds that were available but not relied upon in a prior petition" could be dismissed on the ground that the petitioner "ha[d] abused the writ."), *quoted in* In re Taylor, 171 F.3d 185, 187 (4th Cir.1999) (discussing pre-AEDPA law and recognizing that the AEDPA codified and extended "'judicially constructed limits on the consideration of second and successive applications for collateral relief.'" (citation omitted)).

**Recommendation**

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an answer.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions

7

and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). The petitioner's attention is directed to the important notice on the next page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

January 31, 2006

Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**